Filed 2/14/22  P. v. Padilla CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078647 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD235440) |
| MELISSA PADILLA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So, Judge.  Reversed and remanded with directions.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Melissa Mandel Acting Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from an order denying appellant's petition for resentencing under Penal Code section 1170.95.  The petition was denied by the trial court because appellant had been convicted of voluntary

manslaughter as a lesser offense of the charge of murder. At the time of the ruling, the law appeared to support the trial court's conclusion, but during the pendency of this appeal, the Legislature passed Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), which makes clear that persons who plead guilty to manslaughter can be eligible for resentencing. As a result of the legislative clarification, the Attorney General properly concedes the order must be reversed and the matter remanded to the trial court for an evidentiary hearing.

## PROCEDURAL BACKGROUND

In 2013, Melissa Padilla pleaded guilty to voluntary manslaughter as a lesser offense of murder (Pen. Code,[1] § 192, subd. (a)). Padilla also pleaded guilty to one count of robbery (§ 211); admitted a gang allegation (§ 186.22, subd. (b)(1)); and admitted she was a principal where another principal personally used a firearm during the robbery (§ 12022.53, subds. (b) & (e)(1)). Padilla was sentenced to a stipulated term of 25 years and four months in prison.

In 2021, Padilla filed a petition for resentencing under section 1170.95. The court appointed counsel, received briefing, and denied the petition by written order. The court concluded Padilla's conviction for voluntary manslaughter was not eligible for resentencing under section 1170.95.

Padilla filed a timely notice of appeal.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION[2]

As we have noted, at the time of the trial court's ruling on Padilla's petition, the appellate courts were virtually unanimous that pleas to voluntary manslaughter were not eligible for relief under section 1170.95. (*People v. Turner* (2020) 45 Cal.App.5th 428, 438; *People v. Paige* (2020) 51 Cal.App.5th 194, 201-204.)

In the interim, the Legislature enacted Senate Bill 775, effective January 1, 2022. That legislation made clear that persons who pleaded guilty to voluntary manslaughter as lesser offenses of murder could be eligible for resentencing.

Padilla contends and the Attorney General agrees that the trial court's denial of the resentencing petition must be reversed. The parties further agree that a prima facie showing has been made and that the case must be remanded with directions to issue an order to show cause (OSC) and to hold an evidentiary hearing. Our review of the record persuades us the parties are correct in their analysis of this appeal. We will accept the Attorney General's concession.

## DISPOSITION

The order denying Padilla's petition for resentencing under section 1170.95 is reversed. The case is remanded to the Superior Court with

---

[2]     Given the Attorney General's concession, we find it unnecessary to include a statement of facts based on the grand jury transcript.

directions to issue an OSC and conduct an evidentiary hearing consistent with statute.

                                                                    HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.

4